**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **CHRISTOPHER BLAKE and** | : | **CIVIL ACTION** |
| **JAMES ORKIS, individually and on** | : | |
| **behalf of all others similarly situated,** | : | |
| **Plaintiffs,** | : | **No. 13-6433** |
| | : | |
| **v.** | : | |
| | : | |
| **JPMORGAN CHASE BANK, N.A.,** | : | |
| **CHASE BANK USA, N.A.,** | : | |
| **JPMORGAN CHASE & CO., and** | : | |
| **CROSS COUNTRY INSURANCE** | : | |
| **COMPANY,** | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

**STENGEL, C.J.**                                                **May 23, 2018**

### I.        Introduction

This is a putative class action brought by homeowners claiming violations of the
Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 (RESPA). The plaintiffs claim
that the defendants carried on a "captive reinsurance scheme," through which they
enjoyed kickbacks, referrals, and fees that are prohibited by RESPA. On June 14, 2017
defendants filed a motion to dismiss the amended complaint (Doc. No. 52) which I
granted by Memorandum and Order dated March 28, 2018 (Doc. Nos. 64, 65).[1]

Plaintiffs now move for reconsideration of that Order. (Doc. No. 65.) Defendants
filed a response in opposition. (Doc. No. 72.) Plaintiffs also filed a motion to intervene on

---

[1] A more detailed factual and procedural background can be found in my Memorandum granting
defendants' motion to dismiss. (Doc. No. 65.)

behalf of James Dudley and Samantha Dudley (Doc. No. 66) which defendants oppose (Doc. No. 73). For the reasons discussed below, plaintiffs' motions are denied.

## II.     Legal Standard

A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

## III.     Discussion

### A.  Plaintiffs forfeited American Pipe tolling.

Plaintiffs argue that I committed clear error of law in holding that plaintiffs forfeited their right to tolling under American Pipe when they filed the instant action before the final disposition in Samp, et al. v. JPMorgan Chase Bank, N.A., et al., No. 11-1950 (C.D. Cal). Plaintiffs argue, for the first time, that "where a class has not been certified [American Pipe] tolling does not extent through the pendency of an appeal." (Doc. No. 65 at 5.) This argument fails for several reasons.

First, plaintiffs did not advance this argument in their numerous briefs in opposition to defendants' motion. (See e.g., Doc. No. 55 at 18 (arguing that plaintiffs did not forfeit American Pipe tolling because sister circuits have held that "the filing of a separate action prior to a final determination on class certification does not bar plaintiffs

from claiming the benefit of <u>American Pipe</u> tolling.").) It is improper for plaintiffs to now assert a novel and contradictory theory that they did not forfeit <u>American Pipe</u> tolling because the final determination on class certification occurred when the district court dismissed the <u>Samp</u> action. <u>See</u> <u>Blystone v. Horn</u>, 664 F.3d 397, 416 (3d Cir. 2011) (quoting <u>Howard v. United States</u>, 533 F.3d 472, 475 (6th Cir. 20008)) (motions for reconsideration "cannot be used to present new arguments that could have been raised prior to judgment."). I find that it is improper for plaintiffs to assert this new legal theory when they could have done so in their voluminous opposition to defendants' motion to dismiss.

Plaintiffs' argument also fails for the independent reason that forfeiture of <u>American Pipe</u> tolling is a novel issue with no controlling law. In addressing this argument at the motion to dismiss stage plaintiffs acknowledged the novelty of this issue stating, "[i]ndeed, the Third Circuit has not addressed this issue." (Doc. No. 55 at 18.) There can be no manifest error of law requiring reconsideration under Third Circuit precedent when there is, in fact, no precedent. <u>State College Area School District v. Royal Bank of Canada</u>, No. 10-1823, 2012 WL 12904124, at n. 1 (M.D.Pa. Feb. 3, 2012) ("[A]bsent a change in law or fact or a showing that the court's decision is manifestly inconsistent with binding authority, a mere disagreement with the court's decision on a novel issue does not warrant a motion for reconsideration."); <u>Rideout v. Public Opinion</u>, No. 09-0403, 2011 WL 901802, at *1 (M.D.Pa. Mar. 15, 2011) ("The Court questions whether a court order could ever constitute a clear error of law where no contrary legal precedent exists. Because Defendants have failed to establish the existence of an error of

law, let alone a clear error of law, the Court cannot grant reconsideration on this basis."); see Schulmerich Bells, LLC v. Jeffers Handbell Supply, Inc., No. 17-0275, 2017 WL 1134131, at *3 (E.D.Pa. Mar. 27, 2017).

Finally, the case law cited by plaintiffs in their motion for reconsideration is taken out of context and does not stand for the proposition asserted by plaintiffs.[2] Plaintiffs argue that the Court in Yang held that "there is no basis for extending applicable tolling through the pendency of [] appeal." (Doc. No. 65 at 6 (citing Yang, 392 F.3d at 102).) However, the Yang Court did not announce a new rule of law. Instead, the court held that there was no basis to extend tolling through appeal because, in that specific case, there was a final determination on class certification when the district court denied class certification with prejudice. Yang, 392 F.3d at 102. Here, in contrast, it is undisputed that the Samp court did not reach the merits of class certification. Samp was dismissed based on the lead plaintiffs' untimely filing of the complaint, which does not amount to a final determination on class certification that would cease tolling.

I find, as I did in my Memorandum and Order granting defendants' motion to dismiss, that plaintiffs forfeited their right to tolling when they filed the instant action before the final resolution in Samp.

### B. Plaintiffs' individual claims are dismissed.

Plaintiffs also argue that even if American Pipe tolling does not apply to the class action claims, it was manifest error to dismiss plaintiffs' individual RESPA claims.

---

[2] Perhaps realizing that there is no support for this argument in the Third Circuit plaintiffs rely on decisions from other circuits to bolster their position, which only cements my ruling that reconsideration is improper.

Plaintiffs correctly point out that in reaching my conclusion that plaintiffs forfeited American Pipe tolling, my reasoning focused on the difference between individual suits and class action suits that were filed before class certification was resolved. And yet, plaintiffs misinterpret this important distinction so I will provide further explanation.

Courts in this district and in other circuits have held that individuals who file individual suits before class certification is resolved will not forfeit American Pipe tolling because the purpose of the doctrine is to "protect individual class members from being forced to file individual suits in order to preserve their claim." In re Worldcom Sec. Litig., 496 F.3d 245, 256 (2d Cir. 2007). The doctrine "was not meant to induce class members to forgo their right to sue individually." Id. Given this rationale, I declined to extend American Pipe to subsequent class action suits filed prior to the resolution of class certification in part because it would not serve the underlying purpose of American Pipe and also because it would swallow the exception to the rule, essentially doing away with the statute of limitations.

To argue now that American Pipe tolling should apply to plaintiffs' individual claims entirely misses the mark. Plaintiffs did not file an individual suit. They filed a putative class action suit with individual claims. To permit plaintiffs' individual claims to survive would nullify the purpose of the rule and undercut my holding. Absent the benefit of tolling, plaintiffs' claims are untimely and are dismissed.

### C.  The Dudleys lack standing to intervene.

James and Samantha Dudley move to intervene pursuant to Fed. R. Civ. P. 24 as

named plaintiffs and proposed class representatives to continue the prosecution of the claims asserted in this action against defendants for RESPA violations. The proposed intervenors argue that they meet the requirements for intervention under Rule 24. Before I reach the analysis under Rule 24, I must determine whether this court has jurisdiction to hear this case. I find that no case or controversy exists and the motion to intervene is denied.

"A motion for intervention under Rule 24 is not an appropriate device to cure a situation in which the plaintiffs may have stated causes of action that they have no standing to litigate." Hildebrand v. Dentsply Intern., Inc., No. 06-5439, 2011 WL 4528343, at *4 (E.D.Pa. Sep. 30, 2011) (citing McClune v. Shamah, 593 F.2d 482, 486 (3d Cir. 1979)). Courts in this district have held that when a class has not been certified, "the dismissal of the only viable claim in the action ends the litigation and precludes intervention by other parties." Applebaum v. State Farm Mut. Auto. Ins. Co., 109 F.R.D. 661, 663 (M.D.Pa. 1986); see also Hildebrand, 2011 WL 4528343 at n. 6 (holding in part that "whether or not the Court has subject matter jurisdiction over the proposed intervenors' claims is irrelevant at this juncture; because the Court lacks such jurisdiction over Hildebrand, there is no live controversy in which the [] plaintiffs may intervene.").

The Court's reasoning in Nagle v. Commercial Credit Business Loans, Inc., 102 F.R.D 27 (E.D.Pa. 1983) is instructive. There, like here, the court granted defendants' motion to dismiss and denied plaintiffs' motion for intervention. The court held that the criteria for intervention under Rule 24 were not satisfied noting that, "after the dismissal

there is now no entity remaining with which to intervene." <u>Id.</u> at 31. The Court went on to state,

> [t]here is an additional reason to bar intervention of right: under Fed.R. Civ.P. 24(a)(2), since the proposed intervenor is not presently a party to this litigation, the disposition of this original litigation will not 'impair or impede his [the proposed intervenor's] ability to protect' his interest because he is not bound by the principle of res judicata under these circumstances.

<u>Id.</u> Finally, the court also concluded that the proposed intervenors could not rely on Rule 24(b) because permissive intervention cannot be used to cure jurisdictional defects. <u>Id.</u> (citing <u>McClune v. Shamah</u>, 593 F.2d 482, 486 (3d Cir. 1979) and <u>Fuller v. Volk</u>, 351 F.2d 323, 328 (3d Cir. 1965)).[3]

Here, the class was not certified before I concluded that the plaintiffs' claims were untimely filed and I dismissed all claims against defendants. Now, following dismissal, there is no entity with which the Dudleys may intervene as of right under Rule 24(a). What is more, the Dudleys will not prejudiced by this finding, nor will their rights be impeded because they were not parties to the <u>Blake</u> action and therefore are not bound by principles of <u>res judicata</u>. The case law dictates that there is no case or controversy and this Court does not have subject matter jurisdiction.[4] Therefore, the Dudleys' motion for intervention is denied.[5]

---

[3] The defendants incorrectly rely on this case law to argue that the Dudleys' motion for intervention is untimely. These cases do not implicate timeliness or the other elements under Rule 24. Rather, as discussed above, these cases address the threshold issue of jurisdiction. Notwithstanding defendants' misapplication of the case law, I find that there is no case or controversy and the plaintiffs' motion to intervene is denied.

[4] The Dudleys argue in a footnote that <u>Hildebrand</u> is inapplicable because the <u>Blake</u> plaintiffs had standing to bring their claims. Relying on their motion for reconsideration, the Dudleys assert that it was error to conclude that the <u>Blake</u> plaintiffs' individual claims were untimely. The Dudleys go on to state in their reply brief, "[t]he case is not over if the Plaintiffs' individual

An appropriate Order follows.

---

claims remain viable." (Doc. No. 77 at 2.) As discussed above, I did not commit manifest error of law or fact when I dismissed the plaintiffs' individual claims. Therefore <u>Hildebrand</u> is directly applicable to this case and, by plaintiffs' own reasoning, the individual claims are not viable and the case is over. I find that the Dudleys lack subject matter jurisdiction to intervene.
[5] Even if I were to hold that there is a case or controversy conveying jurisdiction, the proposed intervenors fail to satisfy the requirements under Rule 24. Intervention as of right under Rule 24(a)(2) is appropriate when a litigant establishes:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

<u>In re Cmty. Bank of N. Virginia</u>, 418 F.3d 277, 314 (3d Cir. 2005) (quoting <u>Harris v. Pernsley</u>, 820 F.2d 592, 596 (3d Cir. 1987)). For the same reasons discussed above, the Dudleys cannot establish the third element: that their interests may be affected or impaired. The Dudleys are not bound by the disposition in <u>Blake</u>, and they may simply file their own lawsuit if they wish to assert their claims.

Plaintiffs are likewise unable to establish entitlement to permissive intervention. To establish permissive intervention under Rule 24(b)(1)(B), a litigant must demonstrate that she "has a claim or defense that shares with the main action a common question of law or fact." A court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). I decline to exercise my discretion to allow permissive intervention. Because the <u>Blake</u> plaintiffs' claims were dismissed as untimely, it can no longer be said that there are "common questions of law or fact" between the Blake and Dudley plaintiffs. <u>See</u> <u>Warden v. Crown American Realty Trust</u>, No. 96-25J, 1998 WL 725946, at *7 (Oct. 15, 1998). Rather, only the Dudleys' claims retain viability. <u>Id.</u> I find that these circumstances do not establish entitlement to permissive intervention.